# IN THE COURT OF APPEALS OF TENNESSEE
## WESTERN SECTION AT JACKSON

| | | |
|---|---|---|
| ELLERS, OAKLEY, CHESTER and RIKE, INC., | ) ) ) | From the Circuit Court for Shelby County, Tennessee |
| Plaintiff/Appellant, | ) ) | The Honorable Janice M. Holder, Judge |
| v. | ) ) | Shelby County Circuit No. 50666 |
| DPIC COMPANIES, SECURITY INSURANCE COMPANY OF HARTFORD, GREAT AMERICAN INSURANCE COMPANIES and ALLIANCE INSURANCE COMPANY, | ) ) ) ) ) ) | Appeal No. 02A01-9501-CV-00008  **AFFIRMED**  Archie Sanders, III |
| Defendants/Appellees | ) ) ) ) ) ) | Memphis, Tennessee Attorney for Plaintiff/Appellant  Albert C. Harvey John W. Rodgers Memphis, Tennessee Attorneys for Defendants/Appellees |

**FILED**

**June 4, 1996**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

---

_____RULE 10 ORDER AND OPINION

---

This matter appears appropriate for consideration pursuant to Rule 10(a) of the Rules of the Court of Appeals of Tennessee.[1]

In this case, Appellant, Ellers, Oakley, Chester & Rike, Inc. (hereinafter "Ellers"), contracted to provide engineering, architectural, and consultant services to two companies. Ellers later sued these companies for breach of contract, and each filed counterclaims against Ellers. Ellers had a contract for professional liability insurance with Appellee, Security Insurance Company of Hartford (hereinafter "Security"). Ellers notified Security of the counterclaims and took the position that both countersuits should be treated as one for insurance purposes. Security then sent Ellers a letter indicating that the two claims would be treated separately and that a separate deductible would be applied to each. Ellers subsequently filed this lawsuit against Security.

---

[1]Rule 10 (Rules of the Court of Appeals of Tennessee). <u>Affirmance Without Opinion</u>. -- (a) The Court, with the concurrence of all judges participating in the case, may affirm the action of the trial court by order without rendering a formal opinion when an opinion would have no precedential value and one or more of the following circumstances exist and are dispositive of the appeal:

    (1) the Court concurs in the facts as found or as found by necessary implication by the trial court.

    (2) there is material evidence to support the verdict of the jury.

    (3) no reversible error of law appears.

Security filed a motion for summary judgment and submitted an affidavit establishing that, despite the stated intention in Security's letter to Ellers, a second deductible had never been assessed against Ellers. In opposition to Security's Motion for Summary Judgment, Ellers submitted an affidavit stating that Ellers had never received any communication from Security contrary to the original letter stating that Security intended to assess two deductibles.

Finding no disputed issue of material fact, the trial court granted Security's motion for summary judgment. Ellers then filed this appeal.

Our review of the trial court's order granting summary judgment is *de novo* on the record before this Court, with no presumption of correctness. *Carvell v. Bottoms*, 900 S.W.2d 23, 26 (Tenn. 1995). From our examination of the record, there appears to be no evidence from which a trier of fact could reasonably infer that Ellers was in fact assessed two deductibles by Security. Therefore, the trial court's grant of summary judgment to Security was appropriate.

The trial court's order granting summary judgment to Security is hereby affirmed. Costs are taxed to the Appellant, for which execution may issue if necessary.

_____

**HOLLY KIRBY LILLARD, J.**

**CONCUR:**

_____
**W. FRANK CRAWFORD, P.J., W.S.**

_____
**DAVID R. FARMER, J.**